Case number 19-3394, USA v. Mercedes Wilson. Argument not to exceed 15 minutes per side. Ms. Miller, you may proceed for the appellant. Good morning, your honors, and may it please the court. My name is Megan Miller on behalf of the United States. I'd like to reserve three minutes for rebuttal with the court's permission. Very well. Thank you. Your honors, aggravated robbery under Ohio Revised Code section 2911.01A3, which I'll refer to as A3, aggravated robbery, is a violent felony under the Armed Career Criminal Act. The statute requires that a defendant inflict or attempt to inflict serious physical harm while the theft offense is being committed. This necessarily requires the use, threatened use, or attempted use of force consistent with the physical force clause of the ACCA for three reasons. First, your honors, in a prior panel in Fulham v. United States, decided, applying the appropriate framework, that A3 aggravated robbery is, in fact, a violent felony. Second, that decision is consistent with how Ohio courts exclusively interpret that statute to require the use or threatened use of physical force. And finally, this court's en banc decision in Burris does not alter that analysis, as Burris addressed aggravated assault and felonious assault and is distinguishable. I'd like to begin with the court's analysis in Fulham. What is notable about that decision, albeit unpublished, is that the Fulham court applied the appropriate framework, both required by the Supreme Court and adopted by this court, that there is a two-pronged inquiry to determine whether a state statute categorically constitutes a violent felony for purposes of the ACCA. So first, the court in Fulham looked to the definition. And while the serious physical harm definition under Ohio law has multiple prongs, four of which encompass severe physical harm, but one of which does involve an extreme mental harm component, it then went on to look specifically, consistently with the Supreme Court's dictates and this court's dictates, as to how state courts actually apply that statute. And it could find no state case applying A3 aggravated robbery to situations which do not involve the use or threatened use of physical force. And we're still in that posture. No case has come to light since Fulham. That's correct, Your Honor. No case has come to light in which physical force has not been used. And in fact, a survey of Ohio case law suggests exactly the opposite. When we look to what Ohio intermediary courts have done with A3 aggravated robbery, we see that appellate courts are upholding convictions only where the defendant used violent physical force consistent with the ACCA. When a defendant pistol whipped a victim, when a defendant raped a victim, when a defendant murdered a victim. And conversely, we have a case in Ohio law in which the state court addressed the sufficiency of the type of force used. And that's the case of Lawson. And in Lawson, the appellate court said that grabbing the individual, attempting to swing a stick at the victim, that wasn't sufficient. And they reversed on those grounds, finding that that was simply insufficient force to constitute A3 aggravated robbery. So when we look consistent with the dictates to evaluate how state courts are applying the statute, we see that there's no reasonable possibility that state courts are applying A3 aggravated robbery without physical harm. So this A3 is different. What was, was Burris, do we say A1 was not the crime of violence or whatever in Burris? The court in Burris addressed the felonious and aggravated assault statutes, and it first found that that statute was divisible. Right, which one is and which one isn't, you know, the crime of violence or whatever from Burris, A1 or A2? So A1 was the serious physical harm subdivision that the court found was categorically overbroad. Okay. Well, some members of the court found it was categorically overbroad. Yes, yes, the plurality opinion. But it didn't reach that question. Right, Your Honor, there was also an issue that it was not necessary to reach the decision of whether Anderson should be overturned. Right. But for our purposes, there was a finding that serious physical harm was categorically overbroad. But the difference, you would say, between A3 and A1, just so I understand your argument. For aggravated robbery, Your Honor? Yeah, so A1's not a, which one are we dealing with, crime of violence or? Violent felony. Violent felony. A1 is not a violent felony under Burris. A1 aggravated and felonious assault. A1 aggravated robbery is a violent felony under this court's decision in U.S. v. Patterson. Okay, well, whichever one we said is not a violent felony in Burris. Yes, Your Honor. The difference, notwithstanding that that provision and this one share the mental harm definition, the exact same one. That's correct. The difference between them is that, number one, there's no case law, unlike for that one, that illustrates how somebody could commit this offense with only that mental harm definition. And number two, it's really hard to imagine, short of some kind of fantastic hypo, how that would happen. That's right, Your Honor, and I think that's- And that's just the difference, right? Yes, and it's the difference that's consistent with how this court is supposed to evaluate the statute. So the Fulham Court, even though it was decided prior to Burris, anticipated the Burris decision and applied the appropriate framework. It didn't stop with that definition and didn't say, well, because the statute may hypothetically incorporate that definition, we're done. It went on to look at how state courts actually apply it, and then even theoretically, how might this apply? And it simply concluded it doesn't, that there's no circumstance in which that mental harm type of physical harm can be committed without violent force perpetrated by the defendant. Especially, the case gets a little stronger for you after Stoeckling, right? Where the Supreme Court says that violent force means force sufficient to overcome the slightest resistance? That's right, Your Honor. In Stoeckling, the court found that the term force derives its meaning from common law robbery. And when looking at robbery that would be sufficient to overcome a victim's will, the Stoeckling Court found that robbery that overcomes a victim's will, even if it's a, I think the court said, a feeble or weak-willed victim, would necessarily involve some kind of physical confrontation or struggle. And that's because of the relatively quick time frame in which a robbery occurs. That requires, that it's a limited window of time, and looking to that specific window, it would be difficult, if not impossible, to accomplish that type of serious mental harm without also accompanying violent physical harm. And that's also, again, consistent with what the Ohio State Courts have found. When, although the Ohio Supreme Court has not specifically addressed serious physical harm as it relates to this A3 provision, the guidance that we have from the Ohio Supreme Court is affirming a decision where the aggravated robbery resulted in murder. And so looking at both, as this court has recognized, the best metrics for how a state would interpret its statute, which is obviously the Supreme Court of that state. And then if there's no specific on-point decision by that court, the intermediary appellate courts were guided into the realm of what is actually going on in the state of Ohio. And that is that A3 aggravated robbery simply isn't accomplished without violent force. The court in Fulham applied the appropriate metric that the court adopted in Burris, that the court in Patterson also used, and that is sanctioned by Moncrieff. My opponent's position is asking this court to speculate and engage in precisely the type of hypotheticals that within the Armed Career Criminal Act realm, this court has cautioned us not to engage. And simply the inability to divine such speculative hypotheticals proves exactly what Fulham says. The A3 aggravated robbery requires the use of physical force. We'd ask this court to reverse the district court's decision to the contrary and remand for resentencing consistent with the finding that ACCA physical force is satisfied for A3 aggravated robbery. Thank you. Thank you. Here for Ms. Riga. Good morning. Good morning. My name is Lori Riga here on behalf of Eppley Mercedes Wilson. This case is about consistency and uniformity. Consistent with this court's holdings or precedent in Burris and Williams, the court should find here that the element of serious physical harm in Ohio statutes is categorically overbroad. And it should find that Fulham, an unpublished pre-Burris and Williams decision does not control here, and should therefore affirm the district court's finding that Mercedes Wilson's conviction for serious physical harm aggravated robbery cannot constitute a predicate felony under the ACCA. Fulham was overruled by Burris and Williams, but even if it was not, the court should find here that it simply does not control. Judge Oliver Below found consistent with the Burris reasoning that by analogy, the court could extrapolate the serious physical harm element from felonious assault statutes or offenses to the aggravated robbery. And that- Can I ask you to kind of do that? I mean, my recollection from Burris is that there were two or three actual Ohio cases that the defendant pointed to, and I think the court pointed to, that illustrated how mental harm could be part of the offense in that case. Like one of them was a young child found the body of one of his parents, or her parents, I forget which. Can you take one of those fact patterns from one of those cases that we relied on in Burris and explain how those facts or something basically the same could be part of the offense in this case? Well, what I can do, Your Honor, is I can. Not exactly in the fact pattern of those. I mean, we did that Below somewhat, and the court looked at a case, Judge Oliver looked at a case called Hodges, which was, I believe, Hodges, cited Below, and talked about, in that case, it was used in Fulham to say that that must be done in a short window of time, and we could not find a hypothetical that would match. We have these two or three cases that are out there that illustrate this mental harm definition. I think part of their argument is, I think that was assault, that offense. Felonious assault, yes. Yeah, and this is robbery. Aggravated robbery. I think kind of what they're driving at is, it's easier to have mental harm as part of an assault than it is to have mental harm as what aggravates a robbery. And I'm just seeing if you can take the facts from any of those assault cases that we relied on and say, look, you could have the same sort of mental harm supply the aggravation, so to speak, for robbery. Because I struggle to see how that kind of harm would actually transfer over to this setting. Your Honor, I have two responses to your question. First of all, as far as the Fulham court, as far as extrapolating from the felonious assault cases, the hypothetical, that's precisely what Judge Oliver did Below. And what he looked at is, by analogy, to say, if one were to threaten someone with, let's say, something like exposure of personal information, that he could see that under use of threat in that case, not a use of threat of force, but of use of threat of something else in that case, of personal information exposing that publicly. Correct, exactly. I think he may have even used that word, that one could suffer serious psychological harm at the same time as a theft offense. But I would also guide the court or ask the court to look at the Fulham case itself and say, and I note that it suffers from the same fatal flaw as Anderson. And the reason that the Burris court overruled Anderson was in part because Anderson just looked at the ordinary definition of what serious physical harm is. And it said, of course, if one is causing serious physical harm, well, that must be a violent felony. But what Anderson did was it failed to consult the Ohio revised codes definition of what is serious physical harm. And of course, there is a mental harm only subcomponent of that element. Well, Fulham suffers the same fatal flaw. Fulham does not look to the Ohio revised codes definition of what is a theft offense. And you find that in 2913.01, you see that Ohio defines theft in 22 different ways, one of which is the misuse of a credit card, and one of which is the falsification of identification cards. So essentially, identity theft in Ohio is a theft offense. And there is nothing to suggest that identity theft must occur in a short window of time. And there's nothing to suggest that one could not suffer serious psychological or emotional or mental harm if someone's theft identity was, in fact, stolen from him or her. So for that reason, we would ask that the court disregard Fulham here, because it's simply, I guess, what I would call the use. Any Ohio court has, first of all, as a prosecutor, charged identity theft as aggravated robbery? And then has an Ohio court upheld that? Because presumably, although I don't know all the Ohio statutes, presumably, there is also an identity theft offense in Ohio. So those seem to be the relevant questions, because Moncrief tells us we're not supposed to engage in wild speculation. So the question is, is there a realistic probability that first such identity theft would be charged as aggravated robbery? That the answer, I don't know the answer, whether it's charged like that. I do not know. So if it's never charged like that, then you'd never have a conviction. The conviction would never be upheld. So you don't have any case that you can point us to in which aggravated robbery has been charged. There's been a conviction. The conviction's been upheld in which only mental harm resulted and there was no physical force, however slight, under the Stokely definition. I don't. Well, I would answer that in a couple of ways. I don't know how it's charged, quite honestly, in Ohio, how theft is charged in Ohio. But what I do know is that what we're looking for here is a realistic probability. And we have these felonious assault cases that say the element, the element of serious physical harm. We're doing an elements analysis and we're looking at the element of serious physical harm. And we see we have those felonious assault cases. But we have to take that element and plug it to the particular statute. So in Burris, the question was assaults. And it just said knowingly inflict serious physical harm. So to knowingly inflict serious physical harm, when you take the definition, knowingly inflict mental harm, serious mental harm that could require hospitalization or whatever. But here, you have to not just do that, but you also have to take the property of another using force or threats of force. So there has to be the taking of the property. The one addition? Well, there has to be some kind of theft. That's what the statute says. So what Burris did was precisely what we're asking the court to do here. And that is to take the element of serious physical harm, use the felonious assault statute, where it's an element of that statute, and apply it to a different offense. And Burris did just that when it applied the felonious assault. There were only three felonious assault statutes. But it applied it to aggravated assault. And you see on page 399 of that opinion in footnote 11, it says specifically that although it's a different offense, we understand because it's the same element that the Ohio courts would apply it in the identical way. So Burris has already paved the way for this court to do exactly what we're asking the court to do here. And so you're saying now all we have to do in this case is envision a reasonable probability that that same kind of mental harm could arise in the course of a theft, as defined here? Well, you can look, as the Burris court did, as Judge Oliver did below, look to those felonious assault cases for guidance. The court can also, Burris talks about- It has to be in the course of a theft in which there's also no actual physical force. Because if there were actual physical force used, then it wouldn't matter whether you had- But then it falls under one of the other subsections. Since physical force under Stoeckling can involve, like if I'm carrying my handbag and someone, the robber snaps my wrist back to remove, that's physical force. Right, correct. But the distinction, and this is why the government's cases regarding how much force, how little force, those all fall by the wayside. And they're not instructive for this court to make a decision here, because those all speak to subsections B through E of the serious physical harm element. They don't speak to only mental harm. Here we're not talking about the degree or level of force. That's a different inquiry than what we have here. We're talking about solely mental harm. Right, but the question is how you can inflict solely mental harm in the course of committing a theft. Realistically, now maybe in your identity theft example, but we don't have any case in which identity theft is charged as aggravated robbery. We do not, but at the same time, we don't need to have a case. We don't need a case. We need a realistic probability. And so what Burris says is you look to state law. It doesn't limit it to decisional law. You can also look, as we did in our brief, to legislative intent. How did the Ohio legislature mean for this statute to apply? And if you look back to the comments of when the law was first enacted in 1974, you see that the court says that it enacted these statutes to create a common, a uniform scheme. So it's meant for this statutory definition to apply consistently regardless of what offense it occurs in. It's the same element here. I mean, if somebody's having an affair with some super wealthy corporate executive, and then that kind of goes sour. And the person who's having the affair, let's just say it's the executive is a man who's married and the other person is, the person in the affair is a woman. And then the woman says, well, I'm gonna tell your wife unless you let me have free reign with that one American Express card. And then the guy has a nervous breakdown. That, in your view, would be a hypo that satisfies this, that could be charged under the provision we're talking about. Is that basically your argument here? Yeah, that's correct. And that is precisely what Judge Oliver argued, or he didn't argue. What he stated below, that was his hypothetical, that you could use some sort of threat of exposure or personal information that would cause someone serious with no touching or force whatsoever that would cause psychological or mental harm. You see, so that is one example of- It's gotta be psychological or mental harm sufficient to land the person in a hospital for an extended period of time. Right, I mean, that is, I don't think Judge Kethledge's example discounts that, that could happen if you suffer a mental breakdown, you may well be hospitalized. We see also, if you look not only at those hypotheticals, and you can use by analogy, as Judge Oliver did, the felonious assault cases, we have the intent of the legislature, and we also have the jury instructions here that courts across Ohio apply, juries apply the identical instruction for felonious assault as they do for aggravated robbery. That it's applied identically, and so therefore this court should, consistent with that, apply it in that same manner, that the element of serious physical harm. In Mathis also, how you look at the statute, you look at Duskamp's and Mathis, it talks about how the ACCA's predicate felony analysis involves, quote, an element-based inquiry. And here, consistent with the precedent in Burris and Williams, the court should apply the element of serious physical harm as the Ohio legislature intended it, and that is uniformly. So the district court here, or the court here, should therefore affirm the district court's finding that serious physical harm aggravated robbery as an element is, or as one element in serious physical harm ag robbery, it cannot constitute a predicate of felony under the ACCA. Is there any other, well, no, I was gonna say any other circuit, but that makes no sense. Okay, all right, thank you very much. Thank you. We'll hear rebuttal. What about this blackmail hypo? I mean, blackmail, that's not a fantastic, you know, crime to imagine. You're right, your honor. It's easy to imagine somebody freaking out who's subject to it. And that's extortion, your honor, not aggravated robbery. But it meet, why, doesn't that meet this definition? Well, I would submit that it doesn't, your honor, for two reasons. First, it falls short because, again, we're specifically talking about A3 aggravated robbery, serious physical harm robbery. So while it's possible that your situation would inflict some type of mental harm, I would submit probably not the type that results in extreme psychological or prolonged hospitalization. People get blackmailed, I mean, I could see somebody having a breakdown. Sure, but we don't have to resolve that because we don't have any guidance from Ohio to say that any prosecutor is charging the case like that. The case law does not require an actual case. It says there must be a reasonable probability. Now, the case law is one data point, certainly, for that. But if it's not hard to imagine, if it doesn't seem fantastic to imagine that a set of facts, real facts, could meet this, then that's enough. I would submit that case law is more than just one data point. This court in Lucas v. McPeak said that it's the best data point. Okay, but let's say that at least I think it's not dispositive. Sure. And I think that if a factual scenario is plausible, seems reasonably probable, and that scenario would satisfy the statutory elements, then it's a violent felony. And so I guess what I'm wondering is, why doesn't this blackmail hypo check those boxes? It doesn't check those boxes because, first of all, I think this is precisely what the en banc court in Burris grappled with, that had the overwhelming decision been this statute incorporates serious physical harm, and any other statute that incorporates serious physical harm that potentially has that definition is out, the court could have so held. But the court didn't hold. We were complaining that the court went farther than it needed to in that case. I mean, that the court didn't say, by the way, A3 is also one way or the other. I mean, I don't think that's really very germane. I disagree, Your Honor. And I think it's because we need to look at how it's practically applied. And so it would be one thing to be engaging in a realistic probability analysis in a vacuum if there were no guidance from the state law and from state courts. But here we have that guidance. And it's specifically in how the state courts are actually applying the definition of serious physical harm to A3 aggravated robbery. And they're doing so in a way that a defendant cannot be convicted of that statute absent using physical force. Can't be convicted under the other subsections of physical force. They haven't by any means said they can't be convicted under the mental harm subsection on the hypo I'm talking about. Now, maybe the prosecutors choose to bring an extortion case, but maybe that just shows that extortion's more serious than this. And that's not inconsistent with saying that this isn't an ACCA predicate. I see that my time is up. May I briefly respond to you? Of course. Thank you. Your Honor, the definition of serious physical harm, the definition of theft, and numerous other definitions that are outlined in the generic portion of the Ohio Revised Code set forth multiple possibilities for how that term can be interpreted. And it's necessary to do that because those terms are then incorporated throughout the Ohio Revised Code for a variety of situations. But what's germane to this analysis is to how that definition is applied in a specific situation. That situation being A3, aggravated robbery. And again, consistent with the Burris Court's own outline that you look to that definition, and yes, on its face, it may be overbroad, but then you go forward to see how it is actually applied in a specific situation. That's what we have here. An A3, aggravated robbery simply requires physical force. Thank you. Okay, we thank you both. Case is very well briefed and argued. Case to be submitted. Clerk may call the next case.